## Augustus Wills v. W. A. Little, Appellant.

*Set-off—Necessity to claim in suits before a justice—Act of* 1810.

In a suit before a justice an agreement was had that certain hauling and freight bills, etc., due to defendant, paid for by him for the plaintiff, but not produced at trial, would be allowed as a credit on the judgment if produced before the justice. The defendant produced them to the justice within twenty days but he failed to allow credit, and execution was issued and paid by defendant who subsequently brought suit on these same bills. *Held,* That he was barred and estopped under the provisions of the 7th section of the Act of March 20, 1810, P. L. 63. An agreement for credit on an existing obligation cannot be construed as a waiver of an imperative statute having no necessary relation to the subject.

Argued May 2, 1898. Appeal, No. 170, April T., 1898, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1896, No. 468, on verdict for plaintiff. Before RICE, P. J., WICK-HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit. Before BARKER, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $40.41. Defendant appealed.

*Errors assigned* among others were, (1) in deciding that the judgment in the case of P. J. Little, assignee of W. A. B. Little, v. Wills, was not a bar to the action of Wills v. W. A. B. Little ; (2) in deciding that the agreement of P. J. Little, assignee, with Augustus Wills to allow credits, even after judgment, would estop or in any manner prevent W. A. B. Little from defending under the 7th section of the Act of March 20, 1810, 5 Sm. L. 165, in the case of Wills v. W. A. B. Little ; (4) in holding that the defendant in the case of P. J. Little, assignee, v. Wills, "did not 'neglect or refuse' to set off his demand;" (6) in directing judgment for plaintiff on the reserved point, which is as follows : "We reserve the question as to whether or not under the evidence as to the agreement made by P. J. Little on the day of the hearing, such agreement prevented the action between P. J. Little, assignee of W. A. B. Little, and Augustine Wills, from being a bar to the present action."

*M. D. Kittell*, with him *P. J. Little*, for appellant.—The statement of P. J. Little, assignee, could not bind W. A. B. Little in any way, nor could it prevent W. A. B. Little from interposing the provisions of section 7 of the Act of March 20, 1810, 5 Sm. L. 165, as a defense to Wills's claim against him. The provisions of the above act are imperative: Shoup v. Shoup, 15 Pa. 361; Felpel v. Hershour, 128 Pa. 587.

It is not sufficient to avoid the provisions of the Act of 1810 that the matter of set-off was not considered by the justice : Besecher v. Flory, 176 Pa. 23.

The defendant should have sought relief, if he felt aggrieved, in a form of action known as audita querela.

*Alvin Evans*, with him *J. W. Leech*, for appellee.—In the case of Tagg v. Bowman, 108 Pa. 277, it is held that the defalcation act may be waived by a contract or agreement, express or implied.

The case of Besecher v. Flory, 176 Pa. 24, which is cited by counsel for appellant in their argument, sustains and affirms, rather than discredits, the doctrine announced in Tagg v. Bowman, supra.

OPINION BY SMITH, J., July 29, 1898:

The plaintiff's claim is for drawing goods for the defendant from the railroad station and for freight paid thereon to the railroad company. The defense set up is that the claim is barred because it should have been presented as a set-off in a former suit wherein the defendant's assignee sued the plaintiff on a book account and recovered judgment before a justice of the peace, from which no appeal was taken. The court instructed the jury that the question whether the former action was a bar to the present one was purely a question of law with which they had nothing to do, and it would be reserved for determination by the court. They were directed to consider the matters of fact relating to the former suit in order to ascertain whether the plaintiff had received credit in that proceeding for any of the matters embraced in the present demand. If they should find there was anything due the plaintiff to render a verdict therefor; otherwise to find for the defendant. Under these instructions the jury found for the plaintiff, and hence this appeal.

It is practically undisputed that at the first trial the plaintiff's claim was referred to, but the freight bills from which it could be made up were not present, and the defendant's assignee, in whose favor that suit was brought, then said that any freight bills which it could be shown had not been paid or had not been credited on the account then sued for, would be properly credited by the justice, even after judgment. It is reasonably certain that the appellee's claim was not submitted to the justice, in the first suit, as a set-off or otherwise, and it was not adjudicated in that proceeding. Judgment was entered for all of the plaintiff's demand in that case on the day it was heard. It is not denied that the appellee brought the freight bills, within

twenty days of the hearing, and left them with the justice, expecting to get credit for them. He then paid the costs of record and heard no more about the matter until an execution was issued on the judgment, some six months thereafter. This he also paid.

From the foregoing it is argued that the appellant is estopped from setting up as a bar to this action the provisions of the 7th section of the act of 1810, which is as follows: "A defendant who shall neglect or refuse in any case to set off his demand . . . . against a plaintiff . . . . before a justice of the peace, shall be and is hereby forever barred from recovering against the party plaintiff, by any after suit." An examination of the record presented here fails to disclose any reference whatever to this prohibition of the act or to any future action or to a waiver of any description. The most that was said with reference to the claim of the appellee was that whatever might thereafter appear to be due would be credited on the former judgment; not that a suit or an action of any kind might be subsequently brought. There was no waiver of this section, either express or implied. Provision for the contemplated exigency was then and there made, to wit: credit on the judgment then obtained. This explicit stipulation precluded any conflicting implication. The law expressly prohibited a countersuit, and credit on the judgment was agreed on as the remaining right of the appellee. This was in no sense a waiver of the act of 1810. An agreement for credit on an existing obligation cannot be construed as a waiver of an imperative statute having no necessary relation to the subject. The agreement, however, afforded the appellee an adequate remedy. If, instead of paying the execution, he had applied to the court for relief, that tribunal would, no doubt, have applied the proper credits in satisfaction of the judgment, in accordance with the agreement. This he failed to do. He now seeks a relief from his own mistake or default which can be given only by a direct disregard of an express statutory provision. This provision is salutary and beneficial; it tends to discourage needless litigation and expense, chiefly in the minor affairs of business life, and can work no hardship except where parties disregard its mandate, with indifferent or insufficient provision for the consequences.

The judgment is reversed.